David W. Lively (State Bar No. 83642)
Jennifer S. Coleman (State Bar No. 213210)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S. First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Creditor John Dariano, Trustee of the
John Dariano 1992 Trust, Dated November 12, 1992

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>JAMES M. LIQUORI DBA SIGNATURE PROPERTIES,<br><br>Debtor. | CASE NO. 10-55627 RLE<br><br>CHAPTER 7<br><br>**Adversary Proceeding No.** _____ |
| JOHN DARIANO, TRUSTEE OF THE JOHN DARIANO 1992 TRUST, DATED NOVEMBER 12, 1992,<br><br>Plaintiff,<br><br>v.<br><br>JAMES M. LIQUORI DBA SIGNATURE PROPERTIES,<br><br>Defendant. | **COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS**<br><br>[11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and Constructive and Actual Fraud] |

Plaintiff, John Dariano, Trustee of the John Dariano 1992 Trust, dated November 12, 1992 ("Plaintiff" or "Dariano"), alleges:

**JURISDICTION**

1. This adversary proceeding is one arising out of Debtor's Case No. 10-55627-RLE under Chapter 7 of Title 11 of the United States Code, now pending before this Court.

2. This Complaint initiates an adversary proceeding as contemplated by Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

626\699869.1

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-55627

Case: 10-05232  Doc# 1  Filed: 07/09/10  Entered: 07/09/10 15:42:46  Page 1 of 10

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 151, 157 and 1334, in addition to Bankruptcy Local Rule 5011-1.

4. Claims for Relief I-IV of this adversary proceeding are core proceedings under 28 U.S.C. section 157(b)(2)(I) and (J).

5. Claim for Relief V of this adversary proceeding is a non-core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. Section 1334 in that the proceedings are related to the above-entitled bankruptcy proceeding. Accordingly, this Court has authority to hear and determine the dispute at issue and grant the relief requested, and Dariano consents to the entry of a final order in this proceeding by the bankruptcy court judge.

**PARTIES**

6. Dariano is, and at all times mentioned herein was, a resident of Santa Clara County, California.

7. James M. Liquori dba Signature Properties ("Defendant" or "Debtor") is, and at all times herein mentioned was acting as a real estate broker duly licensed by the State of California, and at all times mentioned herein was doing business as Signature Properties.

8. Dariano is informed and believes and thereon alleges that Debtor resides at 4113 Ashbrook Cr., San Jose, CA 95124.

9. The Debtor filed his bankruptcy petition on May 28, 2010.

10. The Debtor is an individual debtor seeking discharge of the debt upon which Dariano claims Debtor is liable.

11. Dariano brings this action as a creditor of Debtor.

**FACTUAL BACKGROUND**

12. In or about 2006, Dariano started investing in loans brokered by Debtor. Dariano was introduced to Debtor by a mutual friend and investor with Debtor.

13. Debtor represented to Dariano that he had been brokering second deeds of trust for many years and that all notes and deeds of trust brokered by the Debtor were adequately secured and safe investments.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\699869.1 - 2 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS – CASE NO. 10-55627

Case: 10-05232    Doc# 1    Filed: 07/09/10    Entered: 07/09/10 15:42:46    Page 2 of 10

14. Dariano was informed and believes and thereon alleges that Debtor, as part of his real estate loan brokerage business, would place loans with third parties and initially place the note and deed of trust in the name of Signature Properties.

15. Dariano is further informed and believes and thereon alleges that Debtor charged the initial borrowers fees and other costs in connection with those transactions.

16. Dariano is further informed and believes and thereon alleges that these loans were made for the express purpose of resale or assignment to third parties such as Dariano.

17. In or about March 2007, Debtor approached Dariano to purchase a loan that Signature Properties held with Sally Miller ("Miller") and Ronald Banchero ("Banchero") in the amount of $120,000 ("Miller/Banchero Loan") in connection with that certain real property more particularly described as APN 303-04-039 and commonly referred to as 328 Pineview Drive in Santa Clara, California ("Pineview Drive Property").

18. Debtor expressly represented to Dariano that the Miller/Banchero Loan would be secured by a second deed of trust on the Pineview Drive Property.

19. Based upon Debtor's representations, Dariano agreed to purchase the Miller/Banchero Loan from Debtor.

20. Subsequent to Dariano's purchase of the Miller/Banchero Loan, Miller and Banchero executed a Straight Note prepared by Debtor whereby Miller and Banchero promised to pay Dariano $120,000. A true and correct copy of the Straight Note is attached hereto as **Exhibit A**.

21. The Straight Note expressly states that it is secured by a second deed of trust on the Pineview Drive Property.

22. In order to secure the obligation under the Straight Note, Miller and Banchero executed that certain Deed of Trust with Assignment of Rents As Additional Security which was recorded on May 10, 2007 in the Santa Clara County Recorder's Office as Document No. 19426227 ("Deed of Trust"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\699869.1

- 3 -

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-55627

Case: 10-05232   Doc# 1   Filed: 07/09/10   Entered: 07/09/10 15:42:46   Page 3 of 10

23. Dariano later discovered that contrary to Debtor's representations, and the terms of the Straight Note, the Miller/Banchero Loan was not secured by a second deed of trust on the Pineview Drive Property, but rather was secured by a fourth deed of trust on the Pineview Drive Property.

24. Dariano further discovered that the second deed of trust secured a $44,000 note in the name of Signature Properties.

25. Dariano further discovered that the third deed of trust secured a $46,000 note also in the name of Signature Properties.

26. Dariano further discovered that although the Deed of Trust was executed in March 2007, it was not recorded until May 10, 2007.

27. Unbeknownst to Dariano, between March 2007 and May 10, 2007, Miller and Banchero were in default under the terms of the third deed of trust and note on the Pineview Drive Property that was owned by Signature Properties.

28. Dariano is informed and believes, and on that basis alleges that Debtor and/or Signature Properties negotiated a deed in lieu of foreclosure and leaseback in connection with the default on the note and third deed of trust.

29. Accordingly, Dariano is informed and believes, and on that basis alleges that contrary to Debtor's representations, Miller and Banchero did not own the Pineview Drive Property at the time the Deed of Trust in favor of Dariano was recorded.

30. Dariano is further informed and believes, and on that basis alleges that Debtor used the proceeds from Dariano's purchase of the Miller/Banchero Loan to pay-off the second and third deeds of trust in the name of Signature Properties.

31. Dariano is further informed and believes, and on that basis alleges, that at the time Debtor approached Dariano to make the Miller/Banchero Loan, he intended to pay-off the notes secured by the second and third deeds of trust on the Pineview Drive Property in the name of Signature Properties, but did not disclose his intent to Dariano.

32. On July 23, 2009, Dariano filed a Complaint for (1) Negligence; (2) Negligence Per Se; (3) Fraud; (4) Constructive Fraud; (5) Breach of Fiduciary Duty; (6) Constructive Trust;

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\699869.1

- 4 -

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-55527

Case: 10-05232   Doc# 1   Filed: 07/09/10   Entered: 07/09/10 15:42:46   Page 4 of 10

(7) Fraudulent Transfer in the Superior Court for the State of California, County of Santa Clara ("State Court Complaint"), styled *John Dariano, Trustee of the John Dariano 1992 Trust, Dated November 12, 1992 v. James M. Liquori, individually and James M. Liquori dba Signature Properties*, Case No. 109CV148125 ("State Court Action"). A true and correct copy of the State Court Complaint is attached hereto as **Exhibit C**.

33. The State Court Action was scheduled for trial on August 30, 2010 at 8:45 a.m. in Department 3 of the Santa Clara County Superior Court.

34. On December 14, 2009, Dariano filed a Complaint Form in the Real Estate Fraud Unit of the District Attorney's Office of Santa Clara County regarding the circumstances surrounding the Miller/Banchero Loan. A true and correct copy of the Complaint Form is attached hereto as **Exhibit D**.

**FIRST CLAIM FOR RELIEF**
**(For Money Obtained By False Pretenses, False Representation and Actual Fraud)**
**11 U.S.C. §523(a)(2)(A)**

35. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 34, inclusive.

36. Through the misrepresentations and actions described above, Debtor obtained and retained money from Dariano through false representations, false pretenses and actual fraud.

37. When Debtor made the false statements and representations to Dariano, he knew they were false.

38. When Debtor made the false statements and representations to Dariano, he intended to deceive Dariano into purchasing the Miller/Banchero Loan, which resulted in the execution of the Straight Note and Deed of Trust.

39. Dariano justifiably relied upon Debtor's false statements and representations to his detriment in that he believed that Debtor's representations regarding the Miller/Banchero Loan and the Deed of Trust to be true.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\699869.1

- 5 -

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS – CASE NO. 10-55527

Case: 10-05232  Doc# 1  Filed: 07/09/10  Entered: 07/09/10 15:42:46  Page 5 of 10

40. Had Dariano known the actual facts, he would not have purchased the Miller/Banchero Loan from Debtor nor would he have entered into the Straight Note and Deed of Trust with Miller and Banchero.

41. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $120,000 to be proven at trial.

42. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to Debtor with the intention on the part of Debtor of thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

43. The debt to Dariano in the amount of $120,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(For Use of False Statement in Writing)**
**11 U.S.C. §523(a)(2)(B)**

44. Plaintiff realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 43, inclusive.

45. Debtor represented to Dariano in writing, as evidenced by the Straight Note and Deed of Trust, that indicated the Deed of Trust, when recorded, would be in second position to induce Darianio to purchase the Miller/Banchero Loan and execute the Straight Note and Deed of Trust.

46. Debtor's representations were materially false in that Debtor knew that the Deed of Trust would not be in second position.

47. Debtor's representations that the Deed of Trust, when recorded, would be in second position, were intended to deceive and defraud Dariano, and to induce Dariano to act in reliance on these representations by executing the Straight Note and Deed of Trust.

48. Dariano relied on the Debtor's aforementioned statements in executing the Straight Note and Deed of Trust, causing Dariano to suffer damages in an amount no less than $120,000.

49. Dariano's reliance on the Debtor's aforementioned representations in executing the Straight Note and Deed of Trust was reasonable.

Hopkins & Carley
Attorneys At Law
San Jose

626\699869.1 - 6 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS CASE NO. 10-55527

Case: 10-05232 Doc# 1 Filed: 07/09/10 Entered: 07/09/10 15:42:46 Page 6 of 10

50. Dariano, at the time these representations were made by Debtor and at the time Dariano took the actions herein alleged, was ignorant of the falsity of Debtor's representations and believed them to be true.

51. Had Dariano known the actual facts, he would not have purchased the Miller/Banchero Loan from Debtor nor would he have executed the Straight Note and Deed of Trust.

52. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $120,000 to be proven at trial.

53. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to the Debtor with the intention on the part of the Debtor of thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

54. The debt to Dariano in the amount of $120,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(B).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
**(Fraud or Defalcation While Acting As Fiduciary)**
**11 U.S.C. §523(a)(4)**

55. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 54, inclusive.

56. Through the misrepresentations and actions described above, Debtor obtained and retained money from Dariano through false representations, false pretenses and actual fraud.

57. When Debtor made the false statements and representations to Dariano, he knew they were false.

58. When Debtor made the false statements and representations to Dariano, he intended to deceive Dariano into purchasing the Miller/Banchero Loan, which resulted in the execution of the Straight Note and Deed of Trust.

59. Dariano justifiably relied upon Debtor's false statements and representations to his detriment in that he believed that Debtor's representations regarding the Miller/Banchero Loan and the Deed of Trust to be true.

60. Had Dariano known the actual facts, he would not have purchased the Miller/Banchero Loan from Debtor nor would he have entered into the Straight Note and Deed of Trust with Miller and Banchero.

61. Debtor wrongfully breached his fiduciary duty to Dariano by utilizing the funds paid by Dariano to purchase the Miller/Banchero Loan to pay off the second and third deeds of trust in favor of Signature Properties on the Pinewood Drive Property, failing to provide the Deed of Trust in second position as represented to Dariano and failing to inform Dariano and Miller and Banchero did not own the Pineview Drive Property when the Deed of Trust was recorded.

62. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $120,000 to be proven at trial.

63. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to Debtor with the intention on the part of Debtor of thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

64. The debt to Dariano in the amount of $120,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF
### (Embezzlement)
### 11 U.S.C. §523(a)(4)

65. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 64, inclusive.

66. Debtor wrongfully and fraudulently appropriated the funds lawfully entrusted to him by Dariano. Debtor did so by transferring those funds delivered by Dariano to pay the notes

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\699869.1

- 8 -

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS CASE NO. 10-55527

Case: 10-05232   Doc# 1   Filed: 07/09/10   Entered: 07/09/10 15:42:46   Page 8 of 10

owned by Signature Properties secured by second and third deeds of trust on the Pinewood Drive Property instead of using said funds for the purchase of the Miller/Banchero Loan.

67. As a proximate result of Debtor's embezzlement, Dariano has suffered actual damages in an amount of no less than $120,000 to be proven at trial.

68. The debt to Dariano in the amount of $120,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF
**(Constructive and Actual Fraud)**

69. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 68, inclusive.

70. By virtue of the conduct alleged above, Debtor committed constructive and/or actual fraud against Dariano by committing the acts set forth in paragraphs 12-34 above.

71. Debtor's representations were false as alleged above.

72. Dariano reasonably relied on Debtor's representations and concealments to his detriment, in that he believed Debtor's representations regarding the Miller/Banchero Loan, the Straight Note and the Deed of Trust to be true.

73. As a proximate result of Debtor's representations, Dariano has suffered actual damages in an amount of no less than $120,000 to be proven at trial.

74. As demonstrated by the course of conduct alleged above, Debtor acted with fraud, oppression, and malice warranting the imposition of punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays for relief against the Debtor as follows:

1. That the Court determine that the debt owed to Dariano by Debtor in an amount to be proven at trial, but presently known not to be less than $120,000, is fraudulent and nondischargeable;

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\699869.1 - 9 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS CASE NO. 10-55527

Case: 10-05232  Doc# 1  Filed: 07/09/10  Entered: 07/09/10 15:42:46  Page 9 of 10

2. That the Court enter judgment against Debtor and in favor of Dariano in the amount of $120,000, plus interest and attorney fees;

3. That the Court award costs of suit incurred herein;

4. That the Court award punitive and exemplary damages in an amount to be determined at trial; and

5. Such other and further relief as is just and proper.

Dated: July 9, 2010  HOPKINS & CARLEY
A Law Corporation

By: /s/ Jennifer S. Coleman
Jennifer S. Coleman
Attorneys for Plaintiff
JOHN DARIANO, TRUSTEE OF THE
JOHN DARIANO 1992 TRUST, DATED
NOVEMBER 12, 1992

Dated: July 9, 2010  HOPKINS & CARLEY
A Law Corporation

By: /s/ David W. Lively
David W. Lively
Attorneys for Plaintiff
JOHN DARIANO, TRUSTEE OF THE
JOHN DARIANO 1992 TRUST, DATED
NOVEMBER 12, 1992

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\699869.1 - 10 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-5627

Case: 10-03232  Doc# 1  Filed: 07/09/10  Entered: 07/09/10 15:42:46  Page 10 of 10